■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THOMAS STEG, Appellant.—Appeal by defendant from two judgments of the Supreme Court, Queens County, both rendered July 31, 1975, (1) the first of which (Indictment No. 391-75) convicted him of grand larceny in the third degree, upon a jury verdict, and imposed sentence, and (2) the second of which (Indictment No. 729-75) convicted him of unauthorized use of a vehicle; upon his plea of guilty, and imposed sentence. The appeal also brings up for review the denial of two motions, (1) the first of which (Indictment No. 391-75), after a hearing, denied defendant's motion to suppress identification testimony and (2) the second of which (Indictment No. 729-75), after a hearing, denied his motion to suppress certain physical evidence and oral statements. Judgment under Indictment No. 391-75 affirmed, and the case is remitted to the Supreme Court, Queens County, for further proceedings pursuant to CPL 460.50 (subd 5). Judgment under Indictment No. 729-75 reversed, on the law and the facts, motion granted, and indictment dismissed. With regard to Indictment No. 729-75, a plainclothes police officer, operating his private automobile, was following the appellant, who was driving a rented car which was also occupied by a passenger. The officer saw burning pieces of paper thrown from that car. Immediately thereafter he came alongside the appellant's car, displayed his shield and directed appellant to stop. The appellant obeyed and the police officer approached the vehicle, with gun in hand, and demanded to see the vehicle registration. Appellant produced an automobile rental agreement which bore the name of a person who was involved in an investigation at the John F. Kennedy Airport, which investigation concerned airline tickets purchased with forged checks. Appellant was then arrested for unauthorized use of a vehicle. The arresting officer candidly testified that, to his knowledge, appellant had not committed a crime; that the car was not stolen; that after he stopped the car appellant was not free to leave; and that his actions were motivated by mere suspicion. This was not a routine traffic check (see *People v Ingle*, 36 NY2d 413). Rather, there was a seizure of appellant's person and a subsequent search within the meaning of our State and Federal Constitutions. Under the facts of this case there was no probable cause to support such police conduct and that conduct did not fit within the exception carved out in *Terry v Ohio* (392 US 1), where forcible street encounters were found to have been properly initiated by the police and reasonable under the circumstances (see *People v Ingle, supra,* pp 418, 419; *People v Cantor,* 36 NY2d

106). Turning to Indictment No. 391-75, the record demonstrates beyond a reasonable doubt that appellant was an active participant in a scheme whereby airline tickets were purchased with forged checks. Although the information which led to appellant's conviction for grand larceny was the product of the illegal seizure of his person, it is clear that the case falls within the purview of the doctrine of inevitable discovery. That is, evidence derived from information obtained in an unlawful seizure is not inadmissible under the " 'fruit of the poisonous tree' " doctrine when it is shown that such evidence would inevitably have been gained without the unlawful action (People v Fitzpatrick, 32 NY2d 499, 506, cert den 414 US 1033). The police observed appellant operate a vehicle in the company of the person who had actually purchased the airline tickets with the forged checks. We believe that a thorough investigation would have revealed that appellant was one of the culprits. It seems quite unreal to suggest that, but for the illegal seizure, the police would not have discovered the appellant's role in the crime. Hopkins, Acting P. J., Cohalan, Rabin, Shapiro and Titone, JJ., concur.